lIN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

LUCAS B. HORTON                           §
  Plaintiff,                              §
                                    §
v.                                        §          CIVIL ACTION NO. 4:22-CV-9-P
                                     §
TARRANT COUNTY                            §
HOSPITAL DISTRICT                         §
d/b/a JPS HEALTH NETWORK                   §
  Defendant.                              §

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
REGARDING DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT
PURSUANT TO FED. R. CIV. P. 12(b)(6)**

      Pending before the Court is Defendant Tarrant County Hospital District ("TCHD")'s Motion to Dismiss Plaintiff's Complaint Pursuant to Fed. R. Civ. P. ("FRCP") 12(b)(6) ("Motion to Dismiss") [doc. 8], filed January 7, 2022. The Court, having carefully considered the motion, response, reply, and all relevant applicable law, recommends that Defendant's motion be **GRANTED** and that all claims against it be **DISMISSED**.

## I.     BACKGROUND

    On November 19, 2021, Plaintiff Lucas B. Horton filed a small claims petition,  self-styled as a  "Complaint,"  in a Dallas state court against Defendant TCHD  alleging violations of  47 U.S.C. § 227 of the Telephone Consumer Protection Act ("TCPA"), the National Do-Not-Call List, and Section 305.053 of the Texas Business and Commerce Code ("TBCC") by Defendant sending Plaintiff an unsolicited text message relating to COVID-19 vaccinations.  In his petition, Plaintiff states that he received a single text message on October 20, 2021 from Defendant via an unknown, coded number "want[ing] to let [Plaintiff] know that everyone ages 12 and up is eligible for the COVID vaccine." (Plaintiff's Petition (Pl.'s Pet..") at 6, ¶13.)  Plaintiff contends that the text was

sent to him to "solici[t] the Defendant's accounting services" without his consent and that the text directly affected the use and enjoyment of his personal phone. (*Id.* at ¶3.)

Defendant timely filed its Notice of Removal [doc. 1] in the Dallas Division of this Court on January 4, 2022, and the venue was subsequently transferred to the Fort Worth Division. Pursuant to Special Order 3-251, the case was then referred to the undersigned by United States District Judge Mark Pittman on January 6, 2022 for pretrial management.

In its Motion to Dismiss, Defendant presents several bases for dismissal. First, TCHD purports that its text message falls within the emergency communication provision of the TCPA and is, thus, outside its scope and should be dismissed. (Defendant's Motion to Dismiss ("Def.'s Mot. To Dismiss") at 4); *see* 47 U.S.C. §§ 227(b)(1)(A)(iii), (b)(1)(B). Defendant also asserts that Plaintiff's claim regarding the National Do-Not-Call List should be dismissed because the text was a "non-solicitation emergency." *Id.* at 8. Additionally, Defendant argues that Plaintiff's claim pursuant to the TBCC should be dismissed because proper venue for such claim is state court. Lastly, Defendant claims that its status as a governmental entity entitles it to immunity from Plaintiff's claims. (Def's Mot. To Dismiss at 8-10, citing Tex. Bus. & Com. Code § 305.053(a)(2) and *Harris Cty. v. Sykes*, 136 S.W.3d 635, 638 (Tex. 2004)).

## II.    LEGAL STANDARD

FRCP 12(b)(6) authorizes the dismissal of a complaint that fails "to state a claim upon which relief can be granted." The plaintiff must plead specific facts, not mere conclusory allegations, to avoid dismissal. *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992). Indeed, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," and the "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007).  The Court need not credit bare conclusory allegations or "a formulaic recitation of the elements of a cause of action."  *Id*. at 555. Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

### III.    DISCUSSION

#### A.  TCPA Claim

The first issue is whether the text sent by Defendant to Plaintiff violates the TCPA. It is undisputed that the crux of the TCPA is to prevent telemarketing calls and texts to cellular numbers absent a recipient's express consent in writing.  *See* 47 U.S.C. § 227(b)(1)(A); *In re Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 F.C.C. Rcd. 1830, 1839 (2012).  However, calls and texts made for an emergency purpose are exempt from the TCPA's prior consent requirements and are to be interpreted broadly.  *See Gabertan v. Walmart Inc.,* 523 F. Supp. 3d 1254, 1257 (W.D. Wash. 2021) (holding customer class action against pharmacy for text sent during COVID-19 pandemic fell within emergency purpose exception to TCPA's prior consent requirement and citing *In re Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 31 F.C.C. Rcd. 9054, 9062 (2016).  An emergency call or text is one that is "made necessary in any situation affecting the health and safety" of the public. 47 C.F.R. § 64.1200(f)(4).

The *Gabertan* Court looked to the Federal Communications Commission ("FCC")'s declaratory ruling simple framework in determining what constitutes an emergency message in relation to COVID-19. 523 F. Supp. 3d. at 1258; *see also In Re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, Declaratory Ruling, 35 FCC Rcd. 2840 (2020).  For a call or text to qualify under the emergency provision of the TCPA, it must

satisfy the framework's two prongs.  First, the caller must be from a hospital, health care provider, state or local health official or a government official under express direction of such a healthcare organization. *Id*. at 2841, ¶7.  Second, the framework calls for an examination of the text's content. "The content of the call must be solely informational, made necessary because of the COVID-19 outbreak, and directly related to the imminent health or safety risk arising out of the COVID-19 outbreak." *Id*.

In the instant case, it is undisputed that Defendant TCHD is a healthcare provider. Moreover, the text at issue was sent squarely within the time-frame of a national emergency declaration.  On March 13, 2020 President Donald J. Trump proclaimed the Novel Coronavirus Disease (COVID-19) a national emergency.[1]  The national emergency declaration is currently ongoing and was continued by President Joseph R. Biden and remained in effect when Defendant sent the text message to Plaintiff in October 2021.[2]  Because the nation was operating under an emergency declaration at the time Defendant texted Plaintiff its message, the text is cloaked in the protection of the emergency provision of the TCPA.  As to the second prong, by his own allegations, the content of the text issued to Plaintiff that "let [him] know that everyone . . . is eligible for the free COVID vaccine" is made to affect the health and safety of its recipients– here, Plaintiff – and inform its recipients of the availability of, and eligibility for, the COVID-19 vaccination.  (*See* Plaintiff's Compl. at 6, at ¶13.)  Clearly, the text at issue is solely informational

---

[1]  *See* Donald J. Trump, *Proclamation on Declaring a National Emergency Concerning the Novel Coronavirus Disease (COVID-19) Outbreak* (Mar. 13, 2020), https://www.whitehouse.gov/presidential-actions/proclamation-declaring-national-emergency-concerning-novel-coronavirus-disease-covid-19-outbreak (public health emergency declared by Secretary of Health and Human Services on Jan. 31, 2020; national emergency beginning Mar. 1, 2020 declared by President Trump on Mar. 13, 2020).

[2] See Joseph R. Biden, Jr., *A Letter on the Continuation of the National Emergency Concerning the Coronavirus Disease 2019 (COVID-19) Pandemic* (February 24, 2021), www.whitehouse.gov/briefing-room/statements-releases/2021/02/24/a-letter-on-the-continuation-of-the-national-emergency-concerning-the-coronavirus-disease-2019-co (public health emergency declaration from March 13, 2021 to continue in effect beyond March 1, 2021).

in nature, as it does not, as Plaintiff baldly asserts, solicit for "accounting services" or otherwise suggest that Plaintiff use, obtain, or hire the Tarrant County Hospital District for administration of the COVID-19 vaccine.

Based on the foregoing, the Court finds that Plaintiff has failed to state a TCPA claim against Defendant because, even taking Plaintiff's allegations as true, as a matter of law Defendant's text was sent within the timeframe of a national emergency declaration and the text satisfies the FCC's two-pronged test for being an emergency under the TCPA.  *See* discussion, *infra*.  Thus, Defendant's Motion to Dismiss on this issue should be **GRANTED**.

### B.  <u>National Do-Not-Call List</u>

The next issue is whether Defendant's text was solicitous in nature and, therefore, in violation of the TCPA.    Plaintiff claims that Defendant's text "was sent . . . for the purpose of enticing consumers to purchase [Defendant's] accounting services" in violation of the TCPA and Plaintiff's status on the National Do-Not-Call List (*See* Plaintiff's Compl. at 7, ¶14.)  Defendant argues the text at issue was non-solicitous in nature and did not violate the TCPA as a matter of law.

The FCC uses the TCPA to regulate telemarking solicitors and prohibits them from contacting people who list their numbers on the National Do-Not-Call List.  *See* 47 U.S.C. § 227(c); 47 C.F.R. § 64.1200(c)(2).[3]    Telephone solicitation, per the TCPA "means the initiation of a telephone call or message for the purpose of encouraging the purchase, rental of, or investment in, property, goods, or services." 57 USCA § 227(a)(4).  Importantly, only telephone solicitations "are governed by the national [do-not-call] list.  Informational calls are not included." *Id*.; *see also*,

---

[3] It is unlawful to "initiate any telephone solicitation to . . . [a] telephone subscriber who has registered his or her telephone number on the national-do-not-call registry." *Id*.

*Williams-Diggins v. Republic Services*, 2019 WL 5394022 at *1 (N.D. Ohio 2019), (citing *Warnick v. Dish Network LLC*, 302 F.R.D. 51, 558 n.3 (D. Colo. 2014)).

In the present case, the Court finds Plaintiff's use of the term "entice" is synonymous with the TCPA's definition of "solicit." (*See* Plaintiff's Compl. at 7, ¶14.)   However, as detailed in section A, *infra*, the express language of the text at issue is purely informative – it does not seek to entice Plaintiff to purchase, rent, or invest in the COVID-19 vaccine or any other property, goods, or service. Rather, the text provides blatant information about a free vaccine availability and eligibility.  *See* discussion, *infra*. Even taking Plaintiff's allegations in his pleading as true, the TCPA is not violated as the text at issue is not a solicitation and does not fall within the TCPA's prohibition on solicitor contacts and enticements as a matter of law.  Consequently, the Court finds that Plaintiff has failed to state a claim as to the TCPA National Do Not Call List and that Defendant's Motion to Dismiss regarding this issue should be **GRANTED**.

### C.  Texas Business & Commerce Code Section 305.053 Claim

Lastly at issue is determining whether Plaintiff has properly pled a state law claim under the TBCC. Defendant claims that Plaintiff cannot assert his claim under Texas law in this Court for the same reasons his claims fail under the TCPA and that, in any event, Defendant, a governmental entity, is immune from state lawsuits.

In his pleading, Plaintiff plainly states, "The Court has subject matter jurisdiction over this action pursuant to Texas Business and Commerce Code [sic] 305.053," pursuant and under the authority of the TCPA.  (*See* Plaintiff's Compl. at 5, ¶1.)  Pursuant to the TBCC, "[a] person who receives a communication that violates [the TCPA] . . . may bring and action in this state against the person who originates the communication."  Tex. Bus. & Com. Code § 305.053.  However, in this case, as detailed in the previous sections, the Court has already determined that Defendant's

text to Plaintiff did not violate the TCPA. *See* discussion, *infra*. Accordingly, Plaintiff fails to state a claim under the TBCC as well.

Additionally, Plaintiff wholly ignores Defendant's status as a governmental entity. As a governmental entity, Defendant enjoys immunity as a political subdivision of the State and cannot be sued for any alleged state law claims absent an express statutory immunity waiver. *See Tooke v. City of Mexia*, 197 S. W. 3d 325, 332 (Tex. 2006);[4] s*ee also, Nationwide Public Ins. Adjusters Inc. v. Edcouch-Elsa I.S.D.*, 913 F. Supp. 2d 305, 309 (S. D. Tex. 2012). Plaintiff wholly fails to allege that Defendant has waived its protection from suit.

Consequently, the Court finds that Plaintiff has failed to state a claim pursuant to the TBCC and that Defendant's Motion to Dismiss on this issue should be **GRANTED**.

## IV.    CONCLUSION

For the reasons set forth above, the Court **RECOMMENDS** that Defendant's Motion to Dismiss Plaintiff's Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) [doc. 8] be **GRANTED** and the above-styled and numbered cause be **DISMISSED**.

### NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions and recommendation within fourteen (14) days after the party has been served with a copy of this document. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings,

---

[4] *Tooke* held that a governmental entity's immunity has two components: (1) immunity from liability, barring enforcement of a judgment against a governmental entity, and (2) immunity from suit, which bars suit against the entity altogether.

7

conclusions and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(b)(1). Failure to file, by the date stated above, a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual findings and legal conclusions accepted by the United States District Judge. *See Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending time to file objections from ten to fourteen days).

## ORDER

Under 28 U.S.C. § 636, it is hereby **ORDERED** that each party is granted until **February 18, 2022** to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions and recommendation. It is further **ORDERED** that if objections are filed and the opposing party chooses to file a response, the response shall be filed within seven (7) days of the filing date of the objections.

It is further **ORDERED** that the above styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED February 4, 2022.

JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE