UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**LUCAS B. HORTON,**

  Plaintiff,

v.                                          No. 4:22-cv-0009-P

**TARRANT COUNTY HOSPITAL DISTRICT,**

  Defendant.

## ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

The United States Magistrate Judge issued Findings, Conclusions, and a Recommendation ("FCR") in this case. ECF No. 16. Plaintiff filed a timely Objection (ECF No. 17), and Defendant filed a timely Response (ECF No. 18). Thus, the Court conducted a *de novo* review of the FCR.

Because Plaintiff's Objection is without merit, the Court will **ACCEPT** the FCR as the Findings and Conclusions of the Court and **OVERRULE** the Objection. Accordingly, the case will be **DISMISSED**.

## BACKGROUND

Plaintiff Lucas B. Horton ("Horton") alleges that he received a text message on October 20, 2021. ECF No. 1-4 at 6. And according to Horton, the text message, "want[ed] to let [him] know that everyone ages 12 and up is eligible for the free COVID vaccine." ECF No. 1-4 at 6.[1]

In response to that text message, Horton initiated this action against Defendant Tarrant County Hospital District ("TCHD") in Small Claims Court in Dallas County. ECF No. 1. In his petition, Horton alleges that the text message violated Section 227 of the Telephone Consumer Protection Act ("TCPA") and Section 305 of the Texas Business & Commerce Code ("TBBC"). *Id.* at 7.

---

[1]The actual text message is not in the record before the Court. Thus, the Court cannot verify the actual contents of the text message. Because this is a Motion to Dismiss, however, the Court assumes the alleged text to be true.

Based on the underlying federal question, TCHD timely removed the case to the Dallas Division of this Court. ECF No. 16 at 2. The case was then transferred to the Fort Worth Division and referred to the Magistrate Judge for pretrial management. ECF Nos. 5–6.

TCHD filed a Motion to Dismiss. ECF No. 8. Having considered the briefing, the Magistrate Judge recommended that this Court dismiss the case. ECF No. 16. The Magistrate Judge's FCR is thus ripe for review.

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) authorizes courts to dismiss complaints when they fail "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). This rule, however, must be interpreted in conjunction with Rule 8(a), which sets forth the requirements for pleading a claim for relief in federal court. Rule 8 does not require detailed factual allegations, but "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation" or "threadbare recitals of the elements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

To defeat a Rule 12(b)(6) motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 663 (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

In reviewing a Rule 12(b)(6) motion, the Court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mut. Auto. Ins. Co.*, 509 F.3d 673, 675 (5th Cir. 2007). The Court is not bound to accept legal conclusions as true; and only a complaint that states a plausible claim for relief survives a motion to dismiss. *Iqbal*, 556 U.S. at 678–79. When

there are well-pleaded factual allegations, the Court assumes their veracity and then determines whether they plausibly give rise to an entitlement to relief. *Id.*

## ANALYSIS

Horton asserts a general objection to the Magistrate Judge's FCR. Essentially, Horton maintains that "the Court [did] not even address the arguments that the Plaintiff [made] for why the text sent by the defendant was a telemarketing message and not necessary to, 'speed the dissemination of information regarding . . . potentially hazardous conditions to the public.'" ECF No. 17 at 1. As explained below, the Court will **OVERRULE** Horton's objection.

Horton argues that "the text was a telemarketing message and not[] necessary because of the COVID-19 outbreak." *Id.* Further, "[t]he purchase of the Plaintiff's phone number cannot be ignored because it signifies that this text was sent for telemarketing purposes." *Id.* at 2. Accordingly, because the text was to encourage the purchase of the vaccine, or other products and services in the future, and because "[e]veryone already knows about the vaccine," the text must be interpreted as a "telephone solicitation" that is neither informational nor necessary. *Id.*

The Court disagrees with Horton and concludes that the objection is without merit. *First*, at the motion-to-dismiss stage, the Fifth Circuit is clear: factual allegations cited in a response or objection that are not in the petition or complaint are not properly before the Court. *See, e.g.*, *Leal v. McHugh*, 731 F.3d 405, 407 n.2 (5th Cir. 2013); *Ferrer v. Chevron Corp.*, 484 F.3d 776, 782 (5th Cir. 2007) (noting that the "inquiry focuses on the allegations in the pleadings"). Horton's conclusory allegation that TCHD purchased a list of phone numbers, which is not in Horton's Petition, is thus not properly before the Court. Accordingly, that allegation can be neither proper grounds to reject the Magistrate Judge's FCR nor a sufficient factual allegation to support his claim that the text violated the TCPA.

*Second*, the Magistrate Judge properly concluded that this alleged text falls under the FCC's emergency exception. *See* ECF No. 16 at 5. It is undisputed that TCHD is a healthcare provider. *Id.* at 4. And, by

Horton's own admission, the text message "want[ed] to let [Horton] know that everyone ages 12 and up is eligible for the free COVID vaccine." ECF No. 1-4 at 6. There can be no question that such a text message is informational and directly related to the imminent health or safety risk arising out of the COVID-19 outbreak. More to the point, the text was sent during the midst of the national emergency declaration regarding COVID-19. *See* ECF No. 16 at 4. Taken together, an informational text—that was related to the COVID-19 pandemic and sent during a national emergency declaration—clearly complies with the FCC's two-part framework.

Horton's argument that the text message cannot be considered informational is without merit. The text message "want[ed] to let [Horton] know that everyone ages 12 and up is eligible for the free COVID vaccine." ECF No. 1-4 at 6. On its face, the message is informational and says nothing about purchasing any product or service. Further, even if the alleged text message contained a link to TCHD's website, that link does not transform an informational message into an advertisement. *See, e.g.*, *Gabertan v. Walmart, Inc.*, 523 F. Supp. 3d 1254, 1261 (W.D. Wash. 2021); *Vallianos v. Schultz*, No. 19-CV-464 JCC, 2019 WL 4980649, at *3 (W.D. Wash. Oct. 8, 2019) (nothing that "the mere inclusion of a link to a website on which a consumer can purchase a product does not transform the whole communication into a solicitation"). Accordingly, even accepting Horton's allegations as true, the allegations cannot transform this message into a solicitation. Therefore, Horton's objection that the alleged text message was neither informational nor necessary is without merit. *See* ECF No. 16 at 5–6 (recommending that Horton's do-not-call-list claim also be dismissed).

*Finally*, the Magistrate Judge correctly concluded that Horton's Texas law claim should also be dismissed. Pursuant to the TBCC, "[a] person who receives a communication that violates [the TCPA] . . . may bring an action in this state against the person who originates the communication." TEX. BUS. & COM. CODE § 305.053(a). Thus, because Horton failed to state a TCPA claim, Horton likewise failed to state a TBCC claim. ECF No. 16 at 6–7.

## CONCLUSION

Having conducted a *de novo* review of the Magistrate Judge's FCR, Plaintiffs' Objection, and the record, the Court concludes that the alleged text message falls squarely within the TCPA's emergency exception. Its sole purpose was to provide information about the COVID-19 pandemic—not to encourage the purchase of the vaccine or other products and services in the future.

The Court therefore **ADOPTS** the reasoning in the Magistrate Judge's FCR as the Findings and Conclusions of the Court and **OVERRULES** Plaintiff's Objection. Accordingly, it is **ORDERED** that this case should be, and is hereby, **DISMISSED.**

**SO ORDERED** on this **3rd day** of **March, 2022.**

*/s/ Mark T. Pittman*
Mark T. Pittman
UNITED STATES DISTRICT JUDGE